**SO ORDERED.**

**SIGNED September 19, 2006.**



_____
GERALD H. SCHIFF
UNITED STATES BANKRUPTCY JUDGE
_____

```
                    UNITED STATES BANKRUPTCY COURT
                    WESTERN DISTRICT OF LOUISIANA


IN RE:

AMERICAN INTERNATIONAL
    REFINERY, INC.                          CASE NO. 04-21331

    Debtor                                  CHAPTER 11

------------------------------------------------------------------
                         MEMORANDUM RULING
------------------------------------------------------------------
```

American International Refinery, Inc. ("AIRI"), and American International Petroleum Corporation ("AIPC," and with AIRI, "Debtors"), filed separate voluntary petitions for relief under chapter 11 of the Bankruptcy Code on October 7, 2004. The cases have been administratively consolidated.

An objection to the Debtors' joint disclosure statement was filed by members of the law firm of Gold, Weems, Bruser, Sues and Rundell ("Gold Weems") on behalf of certain shareholders of AIPC. On July 13, 2005, the Office of the United States Trustee appointed

an Official Committee of Equity Security Holders ("Equity Committee") in AIPC.

The Equity Committee thereafter sought to employ Gold Weems as its counsel. The Debtor objected arguing that Gold Weems had a conflict of interest. Although the Equity Committee did not concede that an actual conflict existed, in order to avoid conflict, the Equity Committee amended its application and sought to employ Patrick Devine instead. Mr. Devine then proceeded with representation throughout the remainder of the case. Each Debtor has now obtained confirmation of their respective chapter 11 plan.

Gold Weems has now filed two applications for compensation, one for the services rendered to the individual AIPC shareholders early in the case and one for services rendered on behalf of the Equity Committee. The Debtors have objected to both applications

The court has reviewed the applications as well as the Debtors' objection. Having reviewed the record, the court finds that the services rendered were of benefit to the estate. It was the actions of the Gold Weems firm that lead to the involvement of the Equity Committee and the employment of Mr. Devine. While the employment of the Gold Weems firm was never completed and the firm did not remain in the case through the successful confirmation, the court believes that the services rendered were of benefit in obtaining confirmation. As such, the court finds that compensation

should be allowed.

The court will approve the **FIRST AND FINAL APPLICATION FOR COMPENSATION AND EXPENSES BY ATTORNEYS FOR SHAREHOLDERS** (Doc. #393) in full. The court will also approve the **FIRST AND FINAL APPLICATION FOR COMPENSATION AND EXPENSES BY ATTORNEYS WHO ATTEMPTED TO SERVE AS COUNSEL FOR EQUITY COMMITTEE OF AIPC, INC.** (Doc. #395) in part. The expenses requested therein will be allowed in full. However, the compensation requested will be reduced by 20% based upon improper lumping of services and inadequate description of services. Within 20 days, Mr. Drell shall submit an order in accordance with these reasons.

**IT IS SO ORDERED.**

###